602 A.2d 1346

**In re Trust Under Deed of Malinda B. FARROW, Deceased Settlor.**

**Appeal of FIRST PRESBYTERIAN CHURCH OF SHAMOKIN.**

Superior Court of Pennsylvania.

Argued Nov. 1, 1991.

Filed Feb. 6, 1992.

Vincent B. Makowski, Shamokin, for appellant.

John McLaughlin, Asst. Public Defender, Danville, for participating parties Geisinger Medical Center, Salvation Army, Shamokin Branch Monmouth Memorial Hospital and Shamokin Chapter of American Red Cross.

Before DEL SOLE, JOHNSON and HESTER, JJ.

DEL SOLE, Judge:

In the instant case we are asked to determine whether the orphan's court abused its discretion or committed an error of law in its application of the doctrine of *cy pres* to the facts of the present case. *Will of Porter*, 301 Pa.Super. 299, 303, 447 A.2d 977 (1982). We hold that there was no abuse of discretion or error of law, and affirm the equitable judgment of the trial court.

The facts are as follows. Malinda B. Farrow, settlor, executed a deed of trust with the direction to pay the

income from the trust to the following persons during their lives in the following order: to her daughter, Malinda R. Farrow, otherwise to her issue, *per stirpes*, or otherwise to the settlor's husband, Walter M. Farrow, or otherwise to the settlor's sister, Rose R. Lowry. Walter M. Farrow, and Rose Lowry predeceased the settlor's daughter, and daughter died in 1988 without issue. Upon this occurrence the trustees were instructed to distribute the principal and any undistributed or accumulated income of the trust equally to and among six charities: (a) First Presbyterian Church, Shamokin, Pennsylvania, (b) Moses Taylor Memorial Church, Elberon, New Jersey, (c) Geisinger Memorial Hospital, Danville, Pennsylvania, (d) Shamokin Chapter, American Red Cross, (e) Branch of Salvation Army located at Shamokin, Pennsylvania, and (f) Monmouth Memorial Hospital, Long Branch, New Jersey.

The trustee, Mellon Bank (East), N.A., was unable to locate a Moses Taylor Memorial Church. It was in touch with Moses Taylor, VII, who recalled that the original Moses Taylor had a summer home in or near Elberon, New Jersey, but was unaware of any church which bore his ancestor's name. The trustee also contacted the development office of Moses Taylor Hospital in Scranton, Pennsylvania, which reported that it did not have any knowledge of any religious institution with a similar name, despite being very familiar with the Moses Taylor lineage.

Consequently, the Orphan's Court of Northumberland County directed the trustees to institute a *cy pres* proceeding to determine the appropriate beneficiary of the share of the trust which the Settlor directed be given to the Moses Taylor Memorial Church [Taylor]. All interested parties were notified, a hearing was held and the Honorable Samuel C. Ranck, P.J., ordered that the one-sixth (⅙) share given to Moses Taylor Memorial Church be distributed equally to the five remaining beneficiaries.

First Presbyterian Church of Shamokin [First Presbyterian] appeals from this order, arguing that the *cy pres* doctrine was misapplied and that the Taylor share should

have been distributed to the charity which most resembles the one the donor originally intended to benefit. Although, Appellant admits that the Salvation Army is also a church, it claims that for a variety of reasons it more clearly resembles the charity the settlor intended to benefit, and should be the recipient of the Taylor share.

The *cy pres* doctrine has been codified at 20 P.A.C.S. § 6110. It states in pertinent part that, "if the charitable purpose for which an interest is conveyed shall be or become indefinite or impossible or impractical of fulfillment, ... the court shall order an administration or distribution of the estate for a charitable purpose *in a manner as nearly as possible to fulfill the intention of the conveyor ...*" (emphasis added). The Restatement's definition of the doctrine has also been cited in our case law. *See, In re Women's Homoeopathic Hospital of Philadelphia*, 393 Pa. 313, 142 A.2d 292 (1958). It states:

> If property is given in trust to be applied to a particular charitable purpose, and it is or becomes impossible or impracticable or illegal to carry out the particular purpose, and if the settlor manifested a more general intention to devote the property to charitable purposes, the trust will not fail but the court will direct the application of the property to some charitable purpose which falls within the general charitable intention of the settlor. Restatement (Second) of Trusts at Section 399.

■ The intention of the settlor must be derived from an examination of the entire will. *In re Pruner's Estate*, 400 Pa. 629, 635, 162 A.2d 626, 629 (1960). In examining the entire will it is evident that the intention of the Settlor was to first benefit her family and then to benefit six named charities. None of the six designated charities were favored with a larger share than the others.

■ The application of the doctrine of *cy pres* requires the court to exercise its discretion in such a manner as to award the fund to a charity which most resembles the one the Settlor intended to benefit. *Women's Homoeopathic*

*Hospital, supra,* 393 Pa. at 318, 142 A.2d 292. To that end, it is necessary to examine the purposes and objects of the defunct or non-existent organization, *Id.; Kay's Estate,* 456 Pa. 43, 317 A.2d 193 (1974), the locality that the charity intended to serve, *William's Estate,* 353 Pa. 638, 46 A.2d 237 (1946); *Kay, supra,* and the nature of the population which was the intended object of the charitable gift. *Women's Homoeopathic Hospital, supra; Will of Porter, supra.*

In the instant case we cannot conduct a meaningful inquiry into these questions, because as Judge Ranick's Opinion at page 5 states, "In the present case, we cannot 'study' and compare the Moses Taylor Church to the other named charities because the record is barren of evidence concerning the Moses Taylor Church." We do not know the corporate purposes of the Taylor Church, nor do we know its locale or the nature of the population served. Indeed, the only similarity between the lapsed beneficiary and Appellant, First Presbyterian, is the use of the term "Church", and since we cannot know the nature or function of this defunct or non-existent Church, to decide this case based on the finding that it is closest to the name of the non-existent organization used by the settlor is error, *See, Kay, supra,* 456 Pa. at 47, 317 A.2d 193. In fact, in several cases in which the designated charity was defunct or ambiguously labelled in a testamentary or trust document, and the court applied the *cy pres* doctrine, the lapsed share did not go to any of the named beneficiaries, but to a charity not mentioned in the will or trust but which most nearly approximated the intention of the donor. *See, Women's Homoeopathic Hospital, supra; Kay Estate, supra.*

We also note that, "[c]harities are favorites of the law and a gift, even for a specific charitable purpose, should be liberally construed whenever reasonably possible," *In re Pruner's Estate, supra,* 400 Pa. at 634, 162 A.2d 626. We therefore endorse the Orphan's court liberal construction of the Settlor's intent to benefit her favorite charities, although the gift was specifically made to the Taylor Church.

Furthermore, in conformance with the meaning of the doctrine of *cy pres,* which mandates that when a definite benefit can not be performed in exact conformity to the scheme of the person or persons who have provided for it, it must be performed with as close approximation to that scheme as reasonably practicable, *Will of Porter, supra,* 301 Pa.Super. at 303–304, 447 A.2d 977, *citing, City of Philadelphia v. Heirs of Stephen Girard,* 45 Pa. 9, 28 (1863), we find that the decree of the Orphan's Court equally dividing the Taylor Church's share of the residual estate among the five other residual beneficiaries, approximates the testator's express intention as nearly as possible and does no violence to it. Therefore, in the absence of any information concerning the Moses Taylor Memorial Church, Appellant has not met its burden of showing that the court has abused its discretion or committed an error of law, and we affirm the court's application of the doctrine of *cy pres.*

Order is affirmed.